UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

TURN ON PRODUCTS, INC.,

                        Plaintiff,

    -against-

ALMOST FAMOUS APPAREL LLC, dba ALMOST
FAMOUS LA, dba ALMOST FAMOUS LOS
ANGELES, and GARY GUZMAN,

                    Defendants.

-------------------------------------------------------------------x

Civil Action No.:

COMPLAINT

DEMAND FOR JURY TRIAL

      Plaintiff, Turn On Products, Inc. ("Turn On"), by its attorneys, Sills Cummis & Gross

P.C., complaining of the defendants, alleges as follows:

## Jurisdiction and Venue

      1.    This action arises under the Lanham (Trademark) Act of 1946, 15 U.S.C. §1051

et seq., and particularly under 15 U.S.C. §1114(1), 15 U.S.C. §1125(a) and 15 U.S.C. §1125(c)

thereof, and under the common law and statutory law of the State of New York.  This Court has

subject matter jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, 28 U.S.C. §1338 and

28 U.S.C. §1367.

      2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because

Defendants reside in this district and a substantial part of the events or omissions giving rise to

the claims occurred in this district.

Defendants are subject to jurisdiction within this district since, upon information and belief,

Defendants maintain their principal place of business with this judicial district, transact business

within this State, including this judicial district and/or supply goods or services within this State,

including this judicial district, have committed tortuous acts within this State, including this

judicial district, and/or have committed tortuous acts outside of this State, causing injury to persons or property within this State, including this judicial district, and regularly do or solicit business, or engage in a persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in this State, including this judicial district, and/or expect or should reasonably expect that the acts complained of to have consequences in this State, including this judicial district, and Defendants otherwise conduct business within this State, including this judicial district.

## The Parties

3. Plaintiff, Turn On, is a New York corporation with offices and a principal place of business at 263 West 38th Street, New York, NY 10018.

4. Upon information and belief, defendant Almost Famous Apparel LLC, dba Almost Famous LA, dba Almost Famous Los Angeles ("AFAL"), is a New York limited liability company having an office and principal place of business at 89 Ridgewood Avenue, Brooklyn, NY 11208.

5. Upon information and belief, defendant Gary Guzman ("Guzman" and together with AFAL, "Defendants") is an individual who regularly works at Defendants' place or business at 89 Ridgewood Avenue, Brooklyn, NY 11208.

6. Upon information and belief Guzman owns and/or controls the business of AFAL.

## General Allegations

7. Turn On, organized in 1975, is a New York corporation engaged in the manufacturing of ladies wearing apparel for sale in New York and other states in the United States.

8. In or about October, 2010, Turn On adopted, and has continuously used since

then, the trademark "Almost Famous" to identify its ladies wearing apparel.

9.      Turn On is the exclusive owner of all right, title and interest in and to the trademark Almost Famous (hereinafter the "Almost Famous Mark") as applied to the manufacture, offering for sale and sale of women's wearing apparel.

10.     The Almost Famous Mark is registered in the United States Patent and Trademark office, Registration No. 4296048, which registration is valid, subsisting, enforceable and incontestable pursuant to 15 U.S.C. § 1065.  A copy of the registration certificate is annexed hereto as Exhibit A and made a part of this complaint.

11.     Turn On's manufacture of ladies wearing apparel under the Almost Famous Mark, which has been extensively advertised and promoted going back more than seven years, has established for Turn On an enviable reputation with suppliers, wholesalers, retailers and consumers throughout the United States.

12.     The Almost Famous Mark constitutes a business asset of immense importance to plaintiffs.

13.     As a result of said long-running use, the Almost Famous Mark has acquired a distinctive recognition and identification with respect to the manufacture of first quality ladies wearing apparel such that other manufacturers, wholesalers, retailers and consumers throughout the United States have come to know and recognize such wearing apparel as being associated with and manufactured by Turn On.

14.     Upon information and belief, at a time unknown after Turn On began using its Almost Famous Mark, Defendants, without the authorization or consent of Turn On, commenced operating a business selling goods under the names Almost Famous LA and Almost Famous Los Angeles, to consumers.

15.    In or about September, 2017, Defendants were put on notice that their unauthorized use of the Almost Famous Mark constituted trademark infringement.  Defendants continued to use the Almost Famous Mark after receiving notice, which use continues as of the date of this complaint.  Accordingly, Defendants continued use was and is willful and wanton.

## COUNT I

### (Federal Trademark Infringement)

16.    This count is for infringement of a trademark registered under the Lanham Act, 15 U.S.C. §1051 et seq., and particularly 15 U.S.C. 1114.

17.    The Almost Famous Mark is an extremely valuable asset of Turn On.

18.    As stated previously, long after Turn On's adoption and use of the Almost Famous Mark, Defendants commenced unauthorized use of Almost Famous Mark.

19.    Defendants are on notice the Almost Famous Mark was a registered trademark.

20.    Defendants' use of the Almost Famous Mark is likely to cause confusion, to cause mistake or to deceive others, including manufacturers, wholesalers, retailers and consumers throughout the United States into erroneously believing that Defendants' use emanate from or is authorized by, licensed by, sponsored by, endorsed by or otherwise associated with Turn On.

21.    The foregoing acts of Defendants constitute willful and deliberate infringement of the Almost Famous Mark and federal registration thereof.

22.    By reason of the foregoing, Turn On is being damaged by Defendants' willful use of the Almost Famous Mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using the Almost Famous Mark in connection with their business and the sale of wearing apparel and related products.

23.    Turn On will be irreparably injured by the continued acts of Defendants unless

such acts are enjoined.

24.    Turn On has no adequate remedy at law.

25.    The activities of Defendants, if allowed to continue, will harm and injure Turn On in a manner not yet known, but if Defendants continue to use the Almost Famous Mark to identify their business and products, Turn On will suffer damage to the Almost Famous Mark in an amount believed to be well in excess of $100,000.

## COUNT II

### (Claim against Defendants' for Federal Unfair Competition)

26.    This count is for false designations of origin and descriptions and representations, in violation of the Lanham Act, 15 U.S.C. §43(a).

27.    Defendants' unauthorized use of the Almost Famous Mark in connection with their business and the sale of wearing apparel constitutes false designations of origin and false descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

28.    By reason of the foregoing, Turn On are being damaged by Defendants' willful use of Almost Famous Mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using the Almost Famous Mark in connection with their business and the sale of wearing apparel and related products.

29.    Turn On will be irreparably injured by the continued acts of Defendants' unless such acts are enjoined.

30.    Turn On has no adequate remedy at law.

31.    The continued activities of Defendants, if allowed to continue, will harm and injure Turn On in a manner not yet known, but if Defendants' continue to use the Almost

Famous Mark to identify their business, Turn On will suffer damage to the Almost Famous Mark in an amount believed to be well in excess of $100,000.

## COUNT III

### (Claim for Common Law Trademark Infringement)

32.    This count is for trademark infringement under the common law of the State of New York.  Subject matter jurisdiction over this count is founded upon supplemental jurisdiction under 28 U.S.C. §1367.

33.    As a result of their long and continuous use, the Almost Famous Mark has acquired a secondary meaning and special significance as indicating, identifying or denominating Turn On and their manufacture and sale of first quality ladies wearing apparel.

34.    Defendants' use of the Almost Famous Mark in connection with their business and the sale of women's apparel and related items is likely to create confusion, mistake and deception of manufacturers, suppliers, wholesalers, retailers and consumers throughout the United States into believing that the products of Defendants are authorized by, licensed by, sponsored by, related to, or otherwise associated with the rights of Turn On in and to the Almost Famous Mark.

35.    By reason of the foregoing, Turn On are being damaged by Defendants' willful use of the Almost Famous Mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using the Almost Famous Mark in connection with their business and the sale of wearing apparel and related items.

36.    Turn On will be irreparably injured by the continued acts of Defendants unless such acts are enjoined.

37.    Turn On has no adequate remedy at law.

38.     The continued activities of Defendants, if allowed to continue, will harm and injure Turn On in a manner not yet known, but if Defendants continue to use the Almost Famous Mark to identify their business and products, Turn On will suffer damage to the Almost Famous Mark in an amount believed to be well in excess of $100,000.

## COUNT IV

### (Claim for Violation of New York State Anti-Dilution Statute)

39.     This count is for dilution under Section 368-d of the New York General Business Law.  Subject matter jurisdiction over this count is founded upon supplemental jurisdiction under U.S.C. §1367.

40.     The Almost Famous Mark is a famous and distinctive mark in the State of New York, by virtue of their substantial inherent and acquired distinctiveness and their extensive use in the State of New York, all of which have enabled Turn On to develop widespread recognition of the Almost Famous Mark.

41.     The foregoing acts of Defendants in using the Almost Famous Mark to identify their business and products is likely to injure the business reputation of Turn On, and to dilute the distinctive quality of the Almost Famous Mark.  These acts constitute a violation of Section 368-D of the New York General Business Law.

42.     By reason of the foregoing, Turn On are being damaged by Defendants' willful use of the Almost Famous Mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using the Almost Famous Mark in connection with their business and the sale of wearing apparel and related items.

43.     Turn On will be irreparably injured by the continued acts of Defendants' unless such acts are enjoined.

44.     Turn On has no adequate remedy at law.

45.     The activities of Defendants, if allowed to continue, will harm and injure Turn On in a manner not yet known, but if Defendants continue to use the Almost Famous Mark to identify their business and products, Turn On will suffer damage to the Almost Famous Mark in an amount believed to be well in excess of $100,000.

**WHEREFORE**, plaintiff prays for the following relief:

1.     an order preliminarily and permanently enjoining and restraining Defendants, their agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of the injunction by personal service or otherwise, from using the Almost Famous Mark  or any other phrase or mark confusingly or deceptively similar thereto, or likely to cause confusion with the Almost Famous Mark, in connection with their business and the sale of wearing apparel and related items;

2.     an accounting of Defendants' profits and an award of damages sustained by Turn On, trebled due to the willful nature of Defendants' acts;

3.     an award of punitive damages as a result of the willful, intentional and malicious nature of Defendants' conduct;

4.     an award of costs in this action, including reasonable attorney fees; and

5.     such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL: Plaintiff requests a jury trial.

Dated: New York, New York
      January  29, 2018

                               SILLS CUMMIS & GROSS P.C.
                               Attorneys for Plaintiff

By: _____
                Kenneth R. Schachter, Esq.
                101 Park Avenue, 28th Floor
                New York, New York 10178
                (212) 643-7000